UNITED STATES DISTRICT COURT
FILED
OCT 28 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHANNON FAIR and
RICHARD EARL,

Plaintiffs,

v.

25-CV-932 (JLS) (MJR)

HUDSON HOME MANAGEMENT LLC, U.S. BANK TRUST, N.A. as TRUSTEE for LSF10 MASTER PARTICIPATION TRUST, CALIBER HOME LOANS (now known as NEWREZ LLC), and LONE STAR FUNDS,

Defendants.

**DECISION AND ORDER**

On August 25, 2025, *pro se* Plaintiffs commenced an action in Supreme Court, Orleans County asserting several claims based on an alleged scheme by Defendants to wrongfully remove Plaintiffs from their home at 2143 East Kent Road, Kent, New York 14477. *See* Dkt. 1-1. Defendants removed the action to this Court on September 25, 2025. Dkt. 1. The case has been referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 7.

Plaintiffs filed a motion for remand on October 6, 2025. Dkt. 5. In their motion, Plaintiffs stated a desire to withdraw their claim under the Protecting Tenants at Foreclosure Act ("PTFA"), the only federal claim asserted in their

complaint. Dkt. 5 at 2-3.[1] Defendants opposed Plaintiffs' motion, Dkt. 11, and Plaintiffs replied, Dkt. 14.

On August 20, 2026, Judge Roemer issued a Report, Recommendation, and Order (R&R) addressing Plaintiffs' motion (Dkt. 5). Dkt. 15. Judge Roemer treated Plaintiffs' statements regarding their desire to withdraw their PTFA claim as a motion by Plaintiffs to amend their complaint. *Id.* at 7. He ordered that Plaintiffs' motion to amend the complaint be granted and that Plaintiffs' PTFA claim be deemed withdrawn. *Id.* at 13. In addition, he recommended that this Court grant Plaintiffs' motion for remand. *Id.* Neither party filed objections, and the time to do so has expired. *See id.* at 14.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

Further, a district court "may only set aside a magistrate judge's order on a non-dispositive issue if it is 'clearly erroneous or contrary to law.'" *In re Batbold*, No. 21-MC-218 (RA) (OTW), 2023 WL 2088524, at *2 (S.D.N.Y. Feb. 17, 2023)

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

(quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). The Second Circuit has referred to a motion to amend a complaint as a non-dispositive matter, but it has not explicitly decided the issue. *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). "[D]istrict courts in this circuit have suggested that a magistrate judge's *denial* of a motion to amend a complaint should be treated as dispositive, while a *grant* of the same motion should be treated as non-dispositive." *Tyree v. Zenk*, No. 05-cv-2998, 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009) (emphasis in original); *see also Covet & Mane, LLC v. Invisible Bead Extensions, LLC*, 2023 WL 6066168, at *5 (S.D.N.Y. Sept. 18, 2023). Judge Roemer described his determination as to Plaintiffs' motion to amend as non-dispositive. *See* Dkt. 15 at 1 n. 1.

This Court has carefully reviewed the R&R and the relevant record. Based on that review, the Court accepts and adopts Judge Roemer's recommendation and affirms his order. Thus, for the reasons in the R&R, the Court GRANTS Plaintiffs' motion for remand (Dkt. 5) and affirms the balance of the R&R. The Clerk of Court shall close this case and effectuate the remand.

SO ORDERED.

Dated: October 28, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE